# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY RUSHING, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-22-00949-JD ) |
| KAMERON HARVANEK, Warden, | ) ) |
| Respondent. | ) ) |

## **ORDER**

Before the Court is Petitioner Jerry Rushing's Motion to Dismiss and Amend [Doc. No. 12]. Mr. Rushing, a state prisoner serving a life sentence for first degree murder, initially sought relief in this matter by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]; [Doc. No. 1-1]. Pursuant to 28 U.S.C. § 636, the matter was referred to United States Magistrate Judge Amanda Maxfield Green for initial proceedings. Mr. Rushing later filed an Amended Petition. [Doc. No. 9]. His sole claim argues that his life sentence should be capped at sixty years under Oklahoma law. *Id.* at 10.

On January 24, 2023, Judge Green issued a Report and Recommendation [Doc. No. 11], recommending that the Court dismiss Mr. Rushing's Amended Petition because his contention that Oklahoma law defined a life sentence as anything less than the remainder of an offender's natural life was without merit. Mr. Rushing's deadline to object to the Report and Recommendation was February 14, 2023. To date, he has not filed any objection.

Also on January 24, 2023—although not filed until January 30, 2023—Mr. Rushing submitted a Motion to Dismiss and Amend [Doc. No. 12]. He explains that after reading *Daniels v. Dowling*, No. 17-CV-174-TCK-FHM, 2018 WL 328030 (N.D. Okla. Jan. 8, 2018), he realizes "he is totally in error" and requests that the Court "dismiss his claim of a definition of life." [Doc. No. 12] at 1. He also requests leave to file a second amended petition that "would follow the Lloyd-Kennedy case." *Id.*

The Court will construe Mr. Rushing's request to dismiss his claim as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Since no opposing party has appeared, let alone filed an answer or motion for summary judgment, this notice of dismissal requires no action on the part of the Court. *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). In fact, "[o]nce the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Id.* (citation omitted). Mr. Rushing's Amended Petition is dismissed without prejudice to refiling.

As to his request for leave to file a second amended petition, the Court finds that leave to amend should not be granted. A petitioner may amend or supplement a § 2241 petition "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Where, as here, Federal Rule of Civil Procedure 15(a)(1) does not apply and a party may not amend as of right, a party may amend only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id.* "But it may deny leave to amend for the purpose of asserting a new claim if 'it is apparent that such a claim would be futile.'" *Pacheco v.*

2

*Habti*, 62 F.4th 1233, 1240 (10th Cir. 2023) (quoting *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks omitted).

Mr. Rushing has not submitted a proposed amended petition with his request for leave to amend. "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment . . . ." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999).[1] "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). While Mr. Rushing explains that his amendment would assert a claim under "the Lloyd-Kennedy case," he does not explain what his claim would be.[2] Mr. Rushing has not given adequate notice of the basis for the proposed amendment. His request for leave to amend is thus denied.

---

[1] *See also* LCvR15.1 ("A party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading, or under Fed. R. Civ. P. 15(d) to supplement a pleading, must attach the proposed pleading as an exhibit to the motion.").

[2] Mr. Rushing explains that his second amended petition would assert a new claim following the "Lloyd-Kennedy case." [Doc. No. 12] at 1. Although Mr. Rushing does not provide a citation to this case, the *Daniels* case mentioned in the Motion to Dismiss and Amend analyzes arguments from a petitioner seeking habeas relief that refer to a case involving a prisoner named Loyd Kennedy. 2018 WL 328030, at *3–5. The Court is unable to determine without speculating what kind of claim Mr. Rushing would seek to assert under the case involving Mr. Kennedy. *See also Calderon*, 181 F.3d at 1187 (noting the Tenth Circuit does not require "district courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists" (internal quotation marks and citation omitted)).

Accordingly, since Mr. Rushing has voluntarily dismissed the sole claim in his Amended Petition for Writ of Habeas Corpus [Doc. No. 9], the Court declines to adopt the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 11]. Further, the Court denies Mr. Rushing leave to amend. Since there are no longer any claims at issue, the Clerk of Court is directed to close this case.

The posture of this action is unusual given the voluntary dismissal of the petition by Mr. Rushing in terms of whether a certificate of appealability must be analyzed. However, to the extent that this order is construed as a final order adverse to Mr. Rushing pursuant to Rule 11 of the Rules Governing Section 2254 Cases given the denial of leave to amend, the Court finds that a certificate of appealability should not issue. Under Rule 11(a), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012). After considering the case record, the Court finds that

---

[3] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a certificate of appealability. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

reasonable jurists could not debate the determination that Petitioner has not provided adequate notice of his proposed amendment or the analysis in this order. Because Mr. Rushing cannot make the required showing under the statute and Supreme Court precedent, the Court declines to issue a certificate of appealability.

    IT IS SO ORDERED this 18th day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE